UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                  NO: 07-128

JOHN ROCKWELL                           SECTION: "J"

                        **ORDER AND REASONS**

 Before the Court are the following four motions: (1) **Motion to Suppress the Purported Confession or Statement (Rec. Doc. 94)**; (2) **the Motion to Suppress the Identification (Rec. Doc. 95)**; (3) **the Motion to Suppress the Evidence Seized with a Warrant (Rec. Doc. 96)**; and (4) the **Motion to Suppress the Evidence Seized Without a Warrant (Rec. Doc. 97)**. All of these motions are opposed and are currently set for hearing with oral argument on Wednesday, July 25, 2007.

 In a motion to suppress, the defendant bears the burden of making specific factual allegations of illegality, producing evidence, and persuading the court that evidence should be suppressed. United States v. Evans, 572 F.2d 455, 486 (5th Cir. 1978). Evidentiary hearings are not granted as a matter of course, but only when the defendant alleges specific facts which, if proven, would justify relief. United States v. Smith, 546 F.2d 1275 (5th Cir. 1977). The Fifth Circuit has adopted the position that the allegations contained in the motion to suppress must be "sufficiently definite, specific, detailed, and non-

conjectural to enable the court to conclude that a substantial claim is presented.  If the allegations are sufficient and a factual question is raised, a hearing is required." <u>United States v. Poe</u>, 462 F.2d 195, 197 (5th Cir. 1972) (quoting <u>Cohen v. United States</u>, 378 F.2d 751, 761 (9th Cir. 1967)).

Here, Defendant's motions, at best, can be characterized as "bare-bones."  In addition to citing no case law whatsoever, the motions contain no factual allegations or arguments to support the conclusory statements therein.  This Court concludes that an evidentiary hearing is not warranted at this juncture as Defendant has failed to allege specific facts that, if proven, would justify relief.  Accordingly,

**IT IS ORDERED** that the **Motion for Identification of Exculpatory Evidence and Impeachment Evidence (Rec. Doc. 61)** should be and is hereby **DENIED.**

**IT IS FURTHER ORDERED** that **Motion to Suppress the Purported Confession or Statement (Rec. Doc. 94)** should be and hereby is **DENIED.**

**IT IS FURTHER ORDERED** that **the Motion to Suppress the Identification (Rec. Doc. 95)** should be and is hereby **DENIED.**

**IT IS FURTHER ORDERED** that **the Motion to Suppress the Evidence Seized with a Warrant (Rec. Doc. 96)** should be and is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the **Motion to Suppress the Evidence Seized Without a Warrant (Rec. Doc. 97)** should be and is hereby **DENIED.**

New Orleans, Louisiana, this 19th day of July, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE